IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DAVID RIALES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | No. 1:21-cv-01125-STA-jay |

ORDER TRANSFERRING PETITION TO THE COURT OF APPEALS
AS A SECOND OR SUCCESSIVE PETITION

Petitioner William David Riales has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition").[1]  (ECF No. 6.)  The Petition is before the Court for preliminary review.  *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 4(b).  For the following reasons, the Petition is **TRANSFERRED** to the Sixth Circuit Court of Appeals.

In 1993, a ten-count superseding indictment was returned against Defendants Charles Gary Bruce, Jerry Lee Bruce, Robert H. Bruce, William David Riales, and Mary Kathleen Ryion, the Bruces' mother.  The Bruces and Riales were charged in eight counts: (1) conspiracy to commit extortion, racketeering, and threats in violation of 18 U.S.C. § 1951; (2) affecting commerce and movement of commodities by committing robbery by use of extortion and threats in violation of

---

[1] Petitioner filed the case-initiating pleading in this matter using a 28 U.S.C. § 2254 form. (*See* ECF No. 1.)  Because he challenges his federal convictions in *United States v. Riales*, 1:93-cr-10052-JDT-4 (W.D. Tenn.), the Court directed him to refile his claims using this district's § 2255 form.  (ECF No. 5.)  Petitioner complied with the order on November 15, 2021.

18 U.S.C. § 1951; (3) use of a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c); (4) use of explosives to destroy by means of fire in violation of 18 U.S.C. § 844(i); (5) use of fire to commit robbery and murder in violation of 18 U.S.C. § 844(h)(1); (6) and (7) first degree murder to prevent communication to law enforcement officials in violation of 18 U.S.C. § 1512(a)(1); and (8) conspiracy to obstruct justice, commit perjury, and intimidate or threaten witnesses in violation of 18 U.S.C. § 371.  At the conclusion of a three-week trial in April 1995, Riales was convicted by a jury on all eight counts. On July 18, 1995, he was sentenced to concurrent life sentences on counts six and seven; concurrent twenty-year sentences on counts one, two and four; a five-year concurrent sentence on count eight; and five-year consecutive sentences on counts three and five, for an effective prison sentence of life plus ten years.  The convictions and sentence were affirmed on appeal.  *United States v. Bruce, et al.*, 100 F.3d 957 (Table), 1996 WL 640468 (6th Cir. Nov. 5, 1996), *cert. denied*, 520 U.S. 1128 (1997).

Riales filed a timely motion pursuant to 28 U.S.C. § 2255 on March 17, 1998, raising claims of ineffective assistance of counsel, which the Court denied.  The Sixth Circuit Court of Appeals denied a certificate of appealability.  *Riales v. United States*, No. 98-1074-JDT (W.D. Tenn. Nov. 24, 1998), *cert. of appeal. denied*, No. 99-5448 (6th Cir. Dec. 13, 1999).

The Petition now before the Court is liberally construed as asserting five grounds for relief, all of which appear to relate to Riales' allegations that the prosecutor engaged in misconduct by "tampering [and] alterati[ng]" something, presumably evidence, that "fooled the jury."  (ECF No. 6 at 4.)   Petitioner asserts that the prosecutor's misconduct violated his rights under the Fifth Amendment's due process clause, the Thirteenth Amendment's prohibition of involuntary servitude, and the "Fourth Amendment Due Process Requirement of 'Oath.'" (*Id.* at 8.)  He further

2

maintains that counsel was ineffective in failing to object to the prosecutor's misconduct, in violation of the Sixth Amendment. Lastly, he asserts that the misconduct rendered his convictions "null and void," and that he is therefore "actually innocent" of the crimes of which he was convicted. (*Id.* at 4.)

"Because all of [Petitioner's] arguments could have been raised in his first § 2255 motion, the § 2255 motion at issue is a second or successive § 2255 motion that requires [the Sixth Circuit's] authorization for filing." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *In re Bowen,* 436 F.3d 699, 704 (6th Cir. 2006)). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Riales has not yet obtained authorization from the Sixth Circuit to file his claims. The Petition is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (holding that district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 19, 2021